## GIMÉNEZ *v.* ESTATE OF GUARCH.

### APPEAL from the District Court of Humacao.

No. 57.—Decided March 11, 1905.

INTERDICTS—POSSESSION.—In interdicts the fact of possession only can be inquired into, as the object of the interdict is to protect the possessor in the enjoyment of his possession.

ID.—SERVITUDE.—Where an interdict is based upon the possession of a servitude, even when it is unnecessary to show the acquisition or the origin thereof, the plaintiff is required, however, to prove facts sufficient to show the existence of the servitude and the purposes for which he may have used the same.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez,* for appellant.

*Mr. Bosch,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Humacao. It was alleged by the complainant, in her application for an interdict, that the defendants were erecting a new building and that the new building or work was prejudicial to her, the complainant, in that it deprived her "of a servitude indispensable for the service and exits from her said house and which has been used from time immemorial."

The court below refused to grant the interdict and found as follows:

"First. Finding: That on the 30th of March of the current year Mrs. Dolores Giménez Cruz, assisted by her husband, Nicolás Quiñones Cabezudo, applied to this court, through her attorney, filing a complaint in which she requested an interdict to prevent a new construction, against the members of the Succession of Guarch, who are represented by their guardian, José del Carmen Giménez, basing said complaint on the fact that the said Succession was building a wall of mampostería (a mixture of stone and mortar), in order to enlarge a house which it is erecting on Betances street, in the city of Caguas, opposite the Central Park, which wall was being built without respecting the rights which the plaintiff has to a part of the ground in the lane, which separates her house from that which is being built, whereby she is prejudiced, inasmuch as it deprives her of a servitude which is indispensable for the service of and exit from her said house, and which she has utilized from time immemorial; and she requests that, in consequence of her complaint, soliciting the said interdict, the court decree at once the provisional suspension of the building of the aforesaid wall, and that said suspension be affirmed at the proper time after the regular proceedings have been complied with, and that the defendant be condemned to the payment of the costs.

"Second. Finding: That by an order issued on the same day the court ordered that José del Carmen Giménez, as representative of the heirs of Guarch y Ríos and of his legitimate son, Fernando Giménez Guarch, be required immediately to suspend the work that had been denounced, and that he be warned as to the penalties provided by the law in case of disobedience on his part, which order was executed on the 2d of April, and on the same date the aforesaid Giménez was summoned, as representative of the parties above mentioned, to appear on the 7th of the said month at the oral trial which (for the said day) had been fixed by the order referred to.

"Third. Finding: That when the 7th day of April had arrived, which day, as has been said before, had been fixed for the trial, it was necessary to suspend the latter, at the request of the attorney of the plaintiff, which request was based on the sickness of one of his daughters, and then the 15th of April was fixed, in the same order, for the act of the trial.

"Fourth. Finding: That on this second date the parties appeared before the court, and the attorney for the plaintiff stated at the trial

that the latter ratified her complaint because the work which had been denounced (that is, the wall) was being recklessly built by the heirs of Guarch, inasmuch as the said work was contrary to the order of the town council of Caguas, which had cautioned the said heirs to leave a space of 2 meters and 40 centimeters between the house which was being built and that of the plaintiff; that the heirs of Guarch, who were building a house of 7 meters frontage, had intended to enlarge the same in the lane or space which the town council had ordered them to leave free, for which purpose the representative of the said heirs had made infinite efforts before the town council, but without any success, as no attention was paid to his petitions; that Mrs. Giménez is prejudiced in the possession of the lane, through which she lets enter her cows, horses and servants; she is prevented from having the privy cleaned, which is in the lower story of her house, and also from painting the wall which is contiguous to the lane; for all of which reasons the aforesaid attorney requested that the suspension of the work be affirmed.

"Fifth. Finding: That the attorney of the defendants opposed the action, and therefore requested the court to raise the suspension which had been decreed with regard to the said work and to condemn the plaintiff to the payment of an indemnity for the damages and losses caused by the interruption which she had attained, and, besides, to the payment of the costs, basing said request on the allegation that the claim (of the plaintiff) is devoid of any foundation, which is seen at once, since at the beginning of the second paragraph of the complaint it is stated that said complaint is based on the fact that the heirs of Guarch on building the wall do not respect the rights which the plaintiff has to a part of the ground (of the lane), which proves that she bases her complaint on her right of ownership of the land on which the wall is being built; and, on the other hand, it is stated in another paragraph that the petition is made because the work deprives her of a servitude, which shows lack of right to make such petition, inasmuch as, if she is the owner of the ground, she can have no servitude over the same in her favor; (basing his aforesaid request further) on the fact that the complaint is badly formulated, because if it is not based on the right of ownership, but on the right of servitude, an interdict for recovery, and not for the prevention of a new construction, should have been requested; that the plaintiff is not the owner of the ground on which the wall is being built, for the building lots belong to the municipality; that only a frontage of 15 *varas* was granted to Mrs. Quiñones for building purposes, which had been the

frontage of the house that had existed prior to hers, and which in the year 1848 was enlarged so as to measure 15½ *varas,* by virtue of the cession of the said half *vara* made by the owner of the adjacent property; that, in spite of this, the plaintiff upon building her house, in the year 1893, gave it a frontage of nearly 16 *varas,* according to her own declaration in the proceedings which, concerning the ownership of the same, are being prosecuted by her in this court; that the fact that her lot only measures 15½ *varas* is demonstrated by the circumstance that her husband on July 17, 1893, applied to the town council of Caguas requesting the same to cede to her half a *vara* of the adjacent lot, in order that her house might have 16 *varas,* which he would not have done if the lane which she now disputes belonged to her; and the town council decided that he should settle the matter with the owner of the adjacent property; that the complete lack of right to the lot on which the heirs of Guarch are building is also demonstrated by the fact that in the year 1903 she requested the municipal corporation to cede to her the lot on which the defendants are building; that no title of ownership has been presented with the complaint nor in this act (that is, the oral trial); that, although the heirs of Guarch began to build the house with a frontage of 7 meters, leaving a lane of 2½ meters contiguous to the house of the plaintiff, they did so because it was convenient for them, as it is now desirable for them to enlarge the same, but not because of any limitation imposed upon them by the municipality; that there is no administrative provision whatsoever preventing houses of masonry being built contiguous to each other; that for the aforesaid reasons Mrs. Dolores Giménez has no cause of action, and that if she bases her complaint on the municipal ordinances or on the police laws or sanitary regulations, she has no cause of action either, inasmuch as she is not the representative of the said entities; that a servitude in favor of the plaintiff has never existed, nor has it been proved, inasmuch as the servitude of passage, which is discontinuous, cannot be acquired by prescription, but only by virtue of a title or by a deed of acknowledgment of the same; and, on account of all of the aforesaid, the said attorney made the requests which have been stated at the beginning, and requested the court, besides, to hear the evidence in the case.

"Sixth. Finding: That, as the plaintiff had filed no reply, the court proceeded to the hearing of the evidence, when the plaintiff proposed as proofs the confession (that is, the declarations of the defendants), documentary evidence, and the testimony of witnesses; and the defendants availed themselves of the same means, but during the course

of the hearing of said evidence they renounced the evidence of confession (i. e., the declarations to be made by the plaintiff in reply to questions put to her at the request of the defendants).

"Seventh. Finding: That among the documents presented by the plaintiff there is a certificate from the secretary of the town council of Caguas showing that at the session of said council held on the 4th of October, 1899, a resolution was passed to the effect that on building houses a space of 1½ meters should be left between the same; another certificate from the same secretary showing that in the session of the 9th of January, 1901, it was resolved to refer to the first commission, for report, a writing of Mr. Nicolás Quiñones insisting that he be given possession of that portion of the back ground which is needed on the west side to complete (?) by his wife, and calling the attention of the council to the fact that the period granted by said council to Mr. Salvador Mas for building had expired; another certificate, issued by the same official, with reference to the session of the 9th of January, 1901, at which a writing of Mr. Salvador Mas was read by the secretary, in which writing the said Mas stated that he had commenced to build a house of mampostería (a mixture of stone and mortar), and requested the intervention of the respective commissions, whereupon the council resolved that the first commission should intervene, and indicated to the same that the circular of June 8, 1893, does not provide anything in regard to the space to be left between buildings of strong materials; another certificate setting forth that the lands within the district of the town of Caguas are the property of the municipality, and that they are recorded in the registry of property in the name of said municipality; a communication addressed to Mr. Nicolás Quiñones Cabezudo, in which the Mayor of Caguas informs him, with regard to his petition and that of Mr. Giménez, both of which contained the request to be permitted to utilize for building purposes the narrow lane existing between the house of the wife of the former and that of 7 meters frontage which was being built by the latter; that it does not affect the public ornament in any way, whether the said vacant space is used for building purposes or not.

"Eighth. Finding: That the defendant presented the following documents: A certificate, issued by the secretary of this court, showing that in the record of the proceedings prosecuted by Mrs. Dolores Giménez Cruz in regard to the ownership of a house situated at the public square of Caguas, on the corner of Betances and Baldorioty streets, the said property is said to measure, at the front, 13 meters and 36 centimeters, which are equivalent to 15.97 *varas;* to be adja-

cent on the west to a property belonging to the heirs of Antonio Guarch, and to have been acquired by the building of the same, which took place in the year 1894; a notarial copy of a deed executed in Caguas on May 1, 1848, by which José Giménez, who then was the owner of the house which existed on the lot on which the heirs of Guarch are building at the present time, consented to it that the house of his neighbor, Teodoro Nasario, which was substituted by that of the plaintiff, should have 15½ *varas* instead of the 15 *varas* which it had had up to that time; another copy of a deed, executed on the following day, by which Teodoro. Nasario, upon selling his house to Celestino López, sells the same already with a frontage of 15½ *varas;* a copy of another deed, by which Manuel Ríos on selling, in 1868, to Ramona Suárez Valdés the house which had belonged to Nasario sold the same with a frontage of 15½ *varas;* a certified copy, issued by the secretary of the town council of Caguas, of a writing presented to the said corporation by Nicolás Quiñones Cabezudo on June 28, 1899, in which said Quiñones Cabezudo requests that the vacant lot adjacent to that of his wife be delivered to him in order to build on the same; another certified copy, issued by the same official, of a writing in which Quiñones, under date of June 17, 1893, requested the town council to cede to him half a *vara* of land in order that the house which he was building at the corner of the streets Rosario and Alfonso XII might have the 16 *varas* of which every lot was to consist, in regard to which writing the said council adopted a resolution to the effect that Quiñones, if he wished to do so, might utilize the said half *vara,* but that he should make an agreement regarding the matter with the owner of the adjacent lot; another certified copy relating to the same particulars as the preceding one; another certified copy relating to a writing of Salvador Mas, as tutor of the minors, Guarch and Ríos, with regard to the presentation of the plan for the building of the house in question and of the resolution passed by the council appointing a commission, which was informed by said council that the circular of June 8, 1893, does not provide anything in regard to the space to be left free between houses built of material (as distinguished from wooden houses); an insertion of the report of the said commission, in which it is stated that between the new building and the house of Josefa Ríos exists a space of 84 centimeters, and that, according to the determination of the man in charge of the building, he would leave another space of 2 meters and 50 centimeters between the house that is being built and that of Dolores Giménez; another certified copy of a writing which Nicolás Quiñones, under date of March 21, 1903,

requested of the town council the lot on which the heirs of Guarch were building, alleging as grounds that the period granted to said heirs for building purposes had expired; another certificate showing that the heirs of Guarch and Ríos have paid the taxes for the lot on which they now are building the house.

"Ninth. Finding: That José del Carmen Giménez answered that during the time that he had had charge of the tutorship of the aforesaid minors they had acquired no new rights in regard to the lot on which they (the heirs of Guarch) are building; that it is true that opposite the lane which existed between the two houses there is a small house and a privy, the latter of which is situated in the rear of a half lot, which was built upon by Quiñones, the entrance to which lot is on Baldorioty street, there being a gate for that purpose; that although it is true that he, by order of the town council, put up a fence in the lane referred to, he removed it in order to bring in the building materials, and that the husband of Mrs. Giménez proposed to him to put up a door at the aforesaid lane for account of both of them, but that he did not accept said proposition.

"Tenth. Finding: That the witnesses, José Ríos Aponte, José Muñiz Sánchez, and Cristóbal Colón, testified that they knew that between the old houses which existed on the sites now occupied by the houses which are the subject of this litigation there was a lane 3 meters wide; that the carriage of Quiñones used to enter through said lane before the present house of his wife was built; that the lane in question was utilized in connection with the building of said house in so far as the carts bringing the building materials entered through the same; the same witnesses, and, besides, Ramón Schroder, José Santana, Rafael Reci and Víctor Cristián, declared that the plaintiff subsequent to the completion of her house has continued to use the lane as an entrance for her cows, servants, and horses, and that the house of the plaintiff is accessible through the same; that there is a privy and a shed, which are situated in a straight line with the lane referred to; that the water of the building which Mrs. Giménez is erecting at the rear of her house flows into the said lane; that the lot on which the heirs of Guarch are now building has been vacant for some twenty years, and at the time when the work on same was begun the house on the lot of Mrs. Quiñones had already been completed for years; that Nicolás Quiñones has taken care of the sanitary conditions of the lane, and that on account of the fact that the same will now become so very narrow it will be impossible to clean the privy and to paint the walls; and in the cross-examination some of them re-

plied that the lot containing the privy referred to opens on the court-
yard of Mrs. Giménez and, through the same, on Alfonso XII street;
that the entrance to the old house which existed on the lot of Mrs.
Giménez was on the said street; some one said that the lane belongs
to the town council and that subsequent to the completion of the house
of Quiñones the carriage of the latter entered through the lower story
of said house.

"Eleventh. Finding: That the witnesses of the defendant, Juan
Simonte, Miguel Puit Auger, Francisco López, Manuel Suárez, Se-
gundo Delgado and Hermógenes Giménez, testified that it was true
that the house which existed prior to that of Mrs. Quiñones had the
entrance on Alfonso XII street, which now is called Baldorioty street;
that the adjacent house, on the site of which the heirs of Guarch are
building at the present time, had an entrance, exclusively belonging to
the same, on a lane which served as a hall (zaguán), and which sepa-
rated it from the adjacent house, on the site of which the plaintiff has
built her house; that after both houses had been demolished the vacant
lots were accessible to the public; the third witness stated, besides,
that, being a carpenter, he was employed to demolish the old houses
above mentioned, that he knew the lane which separated the same,
and that it belonged to and was exclusively used by the owner of the
house which existed on the site which at present is being built upon
by the heirs of Guarch; that the said houses were demolished from
1884 to 1887; all the aforesaid gentlemen declare that only at the time
when the lot of the heirs of Guarch was vacant did Quiñones milk his
cows on the same and did private persons enter the said lot, but that
nothing of the kind occurred after the building had begun and after
the lot had been fenced in; that the house of the plaintiffs has a gate
on Baldorioty street for the entrance of carriages and animals, which
gate leads to the courtyard of the aforesaid house, and from there
through a door to an adjacent lot, the exit from which has always been
on the said street; that generally no space whatever is left between
houses built of masonry, as is the case with two houses built at pres-
ent in the town of Caguas; the witnesses Juan Sargenton and Siborio
Jorge testified that they had been commissioned by Nicolás Quiñones,
in the presence of several workmen, to tell the defendant not to build in
the lane that had existed, and that if he complied with said request
he would pay him 500 pesos; that he had also said that he had several
times requested of the town council the lot on which the defendants
(the heirs of Guarch) are building, but that it had been denied to him,
and that for this reason, and also because the tutor of the minors re-

ferred to would not sell the lane to him, he would bring suit against the same for the purpose of annoying him, although he knew that he had no right to bring suit, but that he would do so merely out of spite.

"Twelfth. Finding: That after the hearing of the evidence the trial was closed in order to render judgment, the voting of which took place on the 25th instant, and that in the prosecution of this trial the rules of procedure have been complied with."

The Associate Judge, Charles E. Foote, being the *ponente* in this case.

"First. Concluding: That the plaintiff alleges as the basis for his action two rights which cannot coexist in him, viz, the right of possession of the lane in which the defendants are building and the right of servitude of the same lane, in favor of said plaintiff, if the possession is alleged by him in the character of owner or as direct derivation of the rights of ownership, and the servitude as limitation of the property rights of another person.

"Second. Concluding: That, if the most favorable interpretation is given to the allegations of the plaintiff, it can only be understood that he bases his right on the possession of the servitude of passage through the aforesaid lane, and that, as said servitude has been interrupted, he avails himself of the summary proceeding to prevent the building (of the house in said lane) and to avoid, thereby, the deprivation of his right.

"Third. Concluding: That the points to be discussed, having thus been fixed, it was incumbent upon the plaintiff to bring to the trial some kind of evidence of the existence of the servitude which he alleges to be interrupted, and which, for the reason that it pertains to the class of the discontinuous servitudes, should appear from a title; such evidence to consist, either of the presentation of the latter, aside from its liability to being discussed at an ordinary trial, or of the testimony of witnesses, or other pertinent evidence, tending to prove the existence of the title on which the interrupted right of servitude was based.

"Fourth. Concluding: That, if all the proofs are considered together, no knowledge is obtained to the effect that the plaintiff, in a more or less efficacious manner, enjoys a right; and, therefore, it cannot be held that the new building erected by the defendants deprives the plaintiff of the enjoyment of such right; a wrong against which the Law of Civil Procedure allows the summary proceeding for

the prevention of the erection of new buildings, while the other unlawful disturbances may be dealt with in the ample manner of the respective ordinary trial.

"Fifth. Concluding: That the evidence of both parties shows that they recognize the Town Council of Caguas as owner or possessor of the lane in which the new building is being erected, and that the plaintiff has not presented any evidence showing that the Town Council has granted to him the use of said property.

"Sixth. Concluding: That the legal provisions have been observed in the proceedings of this trial.

"After having examined sections 430, 546 and 547 of the Civil Code; section 1661, and following sections of the Law of Civil Procedure, in so far as the same are not modified by General Orders No. 118, series of 1899.

"We adjudge that we should command, and do command, to raise the suspension, which was ordered in these proceedings, of the erection of the house, which the defendants, the heirs of Guarch and Ríos, who are represented by Dr. José del Carmen Giménez, are building on Betances street, in the town of Caguas, opposite the Central Park; without prejudice to the provision of section 1673 of the Law of Civil Procedure; and we condemn Dolores Giménez Cruz to the payment of the costs.

"Thus, by this our judgment, we pronounce, command and sign it.

"Signed) Salvador Fulladosa.—Ramón Quiñones.—Carlos E. Foote."

In the argument in this court and in the brief, counsel for the appellant contended that the fundamental allegation contained in the complaint had two aspects, that of law (*derecho*) proprietorship of servitude (*gravamen real de servidumbre*) foreign to the interdicts, and that of fact, the especial object of these summary trials.

It is not, however, any and every fact that is inquired into in the interdicts, but a single especial one, namely, the fact of possession. Says Manresa in his work on Civil Procedure, Title XX: "Interdicts therefore are summary proceedings, the object of which is to decide interlocutorily on the actual momentary possession, or on the fact of possession, without prejudice to the rights of the interested parties; and also sus-

pend or prevent an act which may prejudice our interests or cause damage.''

And generally the text writers treat the interdicts as possessory actions designed to protect the possession. It is putting the case too vaguely merely to say that it is the object of the interdict to inquire into the ''aspect of fact.'' Furthermore, although it seems a truism to say it, there can be no possession without a thing possessed.

Taking then the division of the Civil Code of things into things corporeal and things incorporeal, there can arise no difficulty in the treatment of the possession of a corporeal thing. It needs no demonstration to know what is meant by the possession of a thing that is tangible. But the principal difficulty in a case like the present is to get an adequate idea of what is meant by the possession of a thing incorporeal, like a servitude. If the fact of possession is to be inquired into, what is the nature of the proof needed to demonstrate it? Inasmuch as the judgments in the interdicts did not pass in review before the Supreme Court of Spain, there has been nothing to guide us in the jurisprudence of that court. After a laborious consideration the court is of the opinion that while it may not be necessary to show the acquisition or origin of a servitude, or the other incidents of a petitory proceeding (*juicio ordinario*) it is incumbent on a complainant to prove enough facts from which the existence of the servitude and its exercise by him may be deduced.

The proof has been well summarized by the court below. The appellant claims the use of a right of way through the alley of three feet or less adjoining her house on Betances street, and she offers proof tending to show that she made use of such alley (the property of the municipality of Caguas) for various purposes. However, there is other proof tending to show that, with the exception of the cleaning of the alley, and the painting of the wall of her house, all the acts may be done and have usually been done by the entrance

around the corner of Alfonso XII street, the house of the complainant being situated on the corner of the two streets. As to painting the wall, there is no proof that it was ever painted, to say nothing of its being painted through the space described, the witnessess confining themselves to saying that there would not be room enough left to do it. Now the alley in question is unmistakably the property of the municipality, and it would be asking too much of the court to expect it to infer the existence of a servitude for the mere cleaning of the alley. The witnesses who say it was cleaned also say the other acts were done, and if there is a doubt about the continuity of such other acts or the frequency of them as showing a servitude, the same doubt may arise as to the one which is not directly controverted.

Other positive uncontradicted evidence of the defendant is entitled to some weight. It is to the effect that before the house of the Succession Guarch was put up the lot on which the house was built, together with the alley, was used by the public generally, without any particular segregation of the alley; that in former times the main entrance to the complainant's house had been on Alfonso XII street, and that the servitude, if any, could not have existed more than eight years, because the house was built within that time. Taking the proof as a whole it is not sufficient to base on it a judgment of suspension of the work begun.

On the merits of the case too, after considering the vague and varying character of the complainant's allegations in connection with the proof, the court is satisfied that substantial justice has been done and the judgment of the court below should be

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.